**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**KAREN MICHELLE RAYMOND,**

                        **Plaintiff,**

    vs.                                              **5:14:CV-1572
                                                      (MAD/CFH)**

**CAROLYN W. COLVIN,** _Commissioner of
Social Security_,

                        **Defendant.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**THE OLINSKY LAW GROUP**            **HOWARD D. OLINSKY, ESQ.**
One Park Place
300 S. State Street
Fifth Floor, Suite 420
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **MARIA FRAGASSI SANTANGELO, ESQ.**
**OFFICE OF GENERAL COUNSEL**
26 Federal Plaza, Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

       On May 31, 2012, Plaintiff Karen Michelle Raymond ("Plaintiff") filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income benefits (SSI") claiming an alleged disability onset date of March 27, 2012. _See_ Administrative Transcript ("T.") at 142-57. Her application was denied on July 17, 2012. _See id._ at 77-82. Plaintiff requested a hearing which was held on June 11, 2013 before Administrative Law Judge Jennifer Gale Smith ("ALJ"). _See id._ at 30-51, 86-87. In a decision rendered August 5, 2013, the ALJ held that Plaintiff was not entitled to disability benefits. _See id._ at 17-26. Plaintiff timely requested review with the Appeals

Council, which was denied on October 30, 2014, making the ALJ's findings the Commissioner's final decision. *See id.* at 1-6.

Plaintiff commenced this action on December 27, 2014, challenging the Commissioner's determination. *See* Dkt. No. 1. In a March 14, 2016 Report-Recommendation and Order, Magistrate Judge Christian F. Hummel recommended that the Court deny the Commissioner's motion for judgment on the pleadings, and remand this action for further proceedings. *See* Dkt. No. 14 at 25. Magistrate Judge Hummel concluded that the ALJ erred in failing to develop the record by not obtaining an opinion of Plaintiff's work-related limitations from her treating physician, Dr. Khairallah. *See id.* at 23. Specifically, Magistrate Judge Hummel noted that the ALJ gave "great weight" to Dr. Ganesh's opinion, given after a single examination, that Plaintiff had "no gross limitations with sitting, standing, and walking, and moderate limitation with lifting, carrying, pushing and pulling." *See id.* at 19, 21; T. at 24. Magistrate Judge Hummel further noted that Dr. Khairallah had examined Plaintiff for ankylosing spondylitis eight times since the examination by Dr. Ganesh, and records from those visits indicated that her condition had worsened throughout the year. *See id.* at 19, 22. Magistrate Judge Hummel concluded that the ALJ was under a duty to obtain a treating source opinion of Plaintiff's work-related limitations because "Dr. Ganesh's assessment of [Plaintiff's] limitations [was] belied by the treatment notes of Dr. Khairallah." *Id.* at 23 (citing *Snyder v. Colvin*, No. 13-CV-6644T, 2015 WL 3407956, *5 (W.D.N.Y. May 27, 2015)) ("[I]t is well settled that [the ALJ] is required to seek out further information where the evidence is inconsistent or contradictory, or where evidentiary gaps exist"). In light of these findings, Magistrate Judge Hummel recommended that the Court grant Plaintiff's motion and remand this matter. *See* Dkt. No. 14 at 22, 25. Neither party has objected to Magistrate Judge Hummel's March 14, 2016 Report-Recommendation and Order.

When reviewing the Commissioner's final decision, the court must determine whether the Commissioner applied the correct legal standards and whether substantial evidence supports the decision. *See Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). Although the Commissioner is ultimately responsible for determining a claimant's eligibility, an Administrative Law Judge makes the actual disability determination; and that decision is subject to judicial review on appeal. A court may not affirm an ALJ's decision if it reasonably doubts that the ALJ applied the proper legal standards, even if it appears that the ALJ's decision is supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). Additionally, the ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (citation omitted).

When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (citation omitted). When a party fails to make specific objections, however, the court reviews the magistrate judge's report for clear error. *See id.*; *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted).

Having reviewed Magistrate Judge Hummel's Report-Recommendation and Order, the parties' submissions and the applicable law, the Court concludes that Magistrate Judge Hummel correctly determined that the Court should reverse the Commissioner's decision and remand for further proceedings. As Magistrate Judge Hummel correctly found, the medical records indicate that Plaintiff's condition deteriorated between the date that Dr. Ganesh examined Plaintiff and the date of the hearing. As such, the ALJ's conclusion that Dr. Khairallah's records support Dr. Ganesh's findings is internally inconsistent given the indications in her treatment records that her

3

condition worsened and was difficult to manage. Since Dr. Ganesh's assessment of Plaintiff's limitations is belied by the treatment notes from Dr. Khairallah, the ALJ should have sought a formal opinion from Dr. Khairallah as Plaintiff's treating physician. *See Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999) ("[W]here there are no obvious gaps in the administrative record, and where the ALJ already possesses a 'complete medical history,' the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim") (citation omitted); *see also Snyder v. Colvin*, No. 13-cv-6644, 2015 WL 3407956, *5 (W.D.N.Y. May 27, 2015) (noting that the ALJ has a duty to develop the record where the evidence is contradictory).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's March 14, 2016 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision is **REVERSED**, and this case is **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order and Magistrate Judge Hummel's Report-Recommendation and Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 29, 2016
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge